UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------------------------------------------------------ x
STRIKE 3 HOLDINGS, LLC,  :
                                    Plaintiff,  :    **ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO SERVE THIRD-PARTY SUBPOENA PRIOR TO A RULE 26(f) CONFERENCE**

      -against-  :

JOHN DOE, subscriber assigned IP address 73.149.228.152,  :

                                Defendant.  :    3:24-CV-01109 (VDO)
------------------------------------------------------------------ x

**VERNON D. OLIVER**, United States District Judge:

Before the Court is Plaintiff Strike 3 Holdings, LLC's ("Strike 3" or "Plaintiff") Motion for Leave to Serve a Third-Party Subpoena Prior to a Rule 26(f) Conference. (ECF No. 9.) The underlying litigation involves the alleged copyright infringement by an unknown individual utilizing a known Internet Protocol ("IP") address. Because Plaintiff claims it cannot otherwise ascertain the Doe defendant's identity, Plaintiff seeks an order granting Plaintiff leave to serve a third-party subpoena on Comcast Cable Communications, LLC ("Comcast"), the Internet Service Provider ("ISP") for the known IP address, prior to a conference between the parties as required by Rule 26(f). Specifically, Plaintiff seeks to serve a subpoena commanding Comcast to provide to Plaintiff with the name and address of the person assigned to the IP address 73.149.228.152.

The Court **grants** Plaintiff's motion, subject to the limitations and protective order described below.

**I.  BACKGROUND**

Strike 3 is the owner and licenser of various adult films distributed through DVDs and adult websites. (Compl., ECF No. 1, ¶¶ 2–3.) Plaintiff alleges that the Doe defendant, identified

only by an assigned IP address 73.149.228.152, has been committing copyright infringement by downloading and distributing Strike 3's films. (*Id.* ¶¶ 4–5.) Specifically, Plaintiff alleges that Defendant has used BitTorrent, "a system designed to quickly distribute large files over the Internet," to copy and distribute 33 of Plaintiff's films in violation of the Copyright Act of 1976, 17 U.S.C. §§ 101 *et seq.* (*Id.* ¶¶ 17, 47–52; Compl. Ex. A, ECF No. 1-1, at 1.)

Plaintiff alleges that it utilized geolocation technology to trace the physical address associated with Defendant's IP address within the District of Connecticut. (Compl. ¶ 9.) Plaintiff also states that it owns and operates an infringement detection system called VXN Scan that identified and downloaded certain BitTorrent files created by the Doe defendant. (*Id.* ¶¶ 27–34.) Strike 3 determined that the BitTorrent files contained digital copies of motion pictures that were "identical (or, alternatively, strikingly similar or substantially similar) to Plaintiff's corresponding original copyrighted [w]orks." (*Id.* ¶ 34.) Furthermore, the VXN Scan was able to capture transactions in which the Doe defendant shared Plaintiff's works. (*Id.* ¶ 37.) Accordingly, Plaintiff brought a one-count complaint of copyright infringement against the defendant. (*Id.* ¶ 46.) Plaintiff alleges that Comcast, Defendant's ISP, can identify Defendant through the IP address. (*Id.* ¶ 5.)

After filing the Complaint, Plaintiff filed a motion to serve a third-party subpoena prior to a Rule 26(f) conference. (ECF No. 9.) Specifically, Plaintiff requests leave to serve a subpoena on Comcast to require Comcast to disclose the personal identifying information associated with Defendant's IP address so that Plaintiff can "learn Defendant's identity, investigate Defendant's role in the infringement, and effectuate service." (Def. Mem., ECF No. 10, at 6.)

## II.    LEGAL STANDARD

Under the Federal Rules of Civil Procedure, parties are generally prohibited from initiating any discovery prior to the Rule 26(f) discovery conference. *See* Fed. R. Civ. P. 26(d)(1) ("A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except . . . by court order."). Because the Cable Communications Privacy Act of 1984, 47 U.S.C. § 551(c) prohibits ISPs from disclosing a subscriber's personally identifying information to a private party absent the subscriber's consent or a court order, a court may authorize early discovery from an ISP only where a party has demonstrated "good cause" as to their need for the expedited discovery. *Arista Recs. LLC v. Does 1-4*, 589 F. Supp. 2d 151, 152–53 (D. Conn. 2008); *see also Strike 3 Holdings, LLC v. Doe*, No. 3:17-CV-1680 (CSH), 2017 WL 5001474, at *2 (D. Conn. Nov. 1, 2017).

The Second Circuit has adopted a five-part test to determine whether to grant a motion to quash a subpoena to preserve the objecting party's anonymity, which district courts in this Circuit have applied to determine whether good cause exists to grant a motion for expedited discovery to ascertain the identity of an unknown defendant. *Arista Recs., LLC v. Doe 3*, 604 F.3d 110, 119 (2d Cir. 2010) (adopting test from *Sony Music Ent. Inc. v. Does 1-40*, 326 F. Supp. 2d 556, 564-65 (S.D.N.Y. 2004)); *see also Strike 3 Holdings*, 2017 WL 5001474 at *2. These factors include:

> (1) [the] concrete[ness of the plaintiff's] showing of a prima facie claim of actionable harm, . . . (2) [the] specificity of the discovery request, . . . (3) the absence of alternative means to obtain the subpoenaed information, . . . (4) [the] need for the subpoenaed information to advance the claim, . . . and (5) the [objecting] party's expectation of privacy.

*Arista Records*, 604 F.3d at 119 (internal citation omitted). A court that grants a motion to serve a third-party subpoena on a qualifying service provider prior to a Rule 26(f) conference generally must issue a protective order requiring the ISP to comply with cable operator disclosure laws and order the ISP to issue a notice informing the subscriber of the court's order and providing the subscriber an opportunity to contest the subpoena. *See, e.g.*, *Strike 3 Holdings*, 2017 WL 5001474 at *6–7.

### III.   DISCUSSION

The Court analyzes each of the *Arista*/*Sony Music* factors in turn below.

The first *Arista* factor requires Strike 3 to state a *prima facie* claim for copyright infringement. *Strike 3 Holdings*, 2017 WL 5001474, at *2. Specifically, Plaintiff must show "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991). Plaintiff has alleged that it owns the 33 works at issue, all of which were distributed through Plaintiff's adult website brands *Tushy, Tushy Raw*, *Blacked*, *Blacked Raw*, *Slayed*, *Vixen*, and *MILFY*. (Compl. Ex. A; Def. Mem. Ex. B, ECF No. 10-2, ¶ 14.) Plaintiff has also demonstrated that the works are registered with the United States Copyright Office by providing the registration number of each infringed work. (Compl. Ex. A.)

In addition, Plaintiff has made a plausible showing that wrongful "copying," namely, infringement of various exclusive rights it holds as the copyright owner of the works under 17 U.S.C. § 106, has occurred. "A plaintiff makes a concrete, prima facie case of copyright infringement by alleging ownership of the registered copyright and alleging unlawful downloading, copying, and distribution of this work by specifying the type of technology used, the IP address from which the file was accessed and shared, and the date and time of the

4

infringement." *Strike 3 Holdings*, 2017 WL 5001474 at *3 (internal quotation marks and citations omitted). Specifically, Plaintiff has alleged that its copyright detection system identified copyrighted titles within torrent websites and recorded infringing BitTorrent transactional data. (Def. Mem. Ex. B ¶¶ 46, 48-49, 54-56.) Moreover, Strike 3 retained a computer forensics expert who confirmed that the IP address captured by Strike 3 was, in fact, the IP address associated with the infringing BitTorrent transactions noted in the Complaint. (Def. Mem. Ex. A, ECF No. 10-1, ¶¶ 18, 26, 28). Accordingly, Strike 3 has stated a *prima facie* case for copyright infringement.

The second factor, which requires a plaintiff to "narrowly tailor and specify the information sought by the discovery request," likewise weighs in favor of granting Plaintiff's motion. *Strike 3 Holdings*, 2017 WL 5001474, at *3. This factor ensures "a reasonable likelihood that the discovery request would lead to identifying information that would make possible service upon [the Defendant]." *Sony Music*, 326 F. Supp. 2d at 566. Plaintiff seeks only the name and address of the subscriber associated with Defendant's IP address, which is "highly specific" information. *Strike 3 Holdings*, 2017 WL 5001474 at *3 (internal citation and internal quotation marks omitted). (ECF No. 9-2 at 1.) Thus, the Court finds that the requested subpoena is narrowly tailored and sufficiently specific.

Next, the third *Arista* factor requires the movant to demonstrate that no alternative means exist to obtain the requested information. *Arista Records*, 604 F.3d at 119. Strike 3 contends that "[t]here is simply no alternative means by which [it] can identify [the defendant] absent the present subpoena" (ECF No. 10 at 12) because Comcast "is the only entity that can correlate the IP address to its subscriber and identify Defendant as the person assigned." (Def. Mem. Ex. A ¶ 28.) Therefore, this factor also weighs in favor of granting Plaintiff's motion.

5

*See, e.g.*, *Strike 3 Holdings*, 2017 WL 5001474 at *4 ("Because there is no public registry to provide the names of subscribers and their corresponding IP addresses, there is no alternate means by which Plaintiff can identify [the Defendant] absent the present subpoena.") (internal quotation marks omitted).

The fourth factor considers a plaintiff's "need for the subpoenaed information to advance the claim." *Sony Music*, 326 F. Supp. 2d at 565. This factor undoubtedly weighs in Strike 3's favor, as it cannot properly serve the Doe defendant without first ascertaining his or her identity from Comcast. The requested information therefore is critical to Strike 3's claim. *See Digital Sin, Inc. v. Does 1-176*, 279 F.R.D. 239, 241–42 (S.D.N.Y. 2012) ("[W]ithout granting Plaintiff's request, the defendants cannot be identified or served and the litigation cannot proceed.").

Finally, the fifth factor evaluates the defendant's expectation of privacy. A cable or internet subscriber has only a "minimal expectation of privacy" with respect to the information the subscriber conveys to the ISP, such as the subscriber's IP address and identity. *Sony Music*, 326 F. Supp. 2d at 566; *see also Strike 3 Holdings*, 2017 WL 5001474 at *5 (noting that there is no expectation of privacy in subscriber information disclosed to an ISP, such as an IP address and the subscriber's identity, because such information is "voluntarily conveyed" to the third-party ISP) (internal citations and quotation marks omitted). Although a Doe defendant might have a heightened privacy interest in a context involving copyrighted adult materials, the Second Circuit has held that a defendant's "expectation of privacy for sharing copyrighted [material] through an online file-sharing network" is "simply insufficient to permit [them] to avoid having to defend against a claim of copyright infringement." *Arista Records*, 604 F.3d at 124.

## IV.   CONCLUSION

After balancing the *Arista/Sony Music* factors, the Court hereby **GRANTS** Plaintiff's Motion for Leave to Serve a Third-Party Subpoena Prior to a Rule 26(f) Conference (ECF No. 9) for the purpose of determining the identity of the alleged infringer, Defendant Doe. The Court further **ORDERS** as follows:

1. Plaintiff immediately may serve Comcast Cable Communications with a Rule 45 subpoena to obtain only the name and address of the subscriber(s) to whom the provider assigned the IP address 73.149.228.152 on the dates and times set forth in the "UTC" column of Attachment A to the Complaint (ECF No. 1-1). Plaintiff shall attach a copy of the Complaint and this Order to the subpoena, and shall file proof of service within **fourteen (14) days** of this Order.

2. After having been served with the subpoena, Comcast shall, within **thirty (30) days** of such service, provide to any and all subscriber(s) associated with the IP address 73.149.228.152, notice of the following ("ISP Notice"):

    a. A copy of the Complaint, this Order, and the subpoena; and

    b. Notice informing the subscriber(s) that they have thirty (30) days, from the date of the notice, to file a motion to quash the subpoena or seek other appropriate relief in this court. Comcast may serve such subscriber(s) using any reasonable means, including written notice sent to their last known address, transmitted either by first-class mail or via overnight service.

3. Any subscriber served with the ISP Notice shall have **thirty (30) days** from the date of service of the ISP Notice to file any motions with this Court to contest the subpoena, as well as a motion to litigate anonymously.

4. **Comcast shall not disclose any identifying information to Plaintiff before expiration of the sixty-day period after receiving the subpoena from Plaintiff.** If no subscribers contest the subpoena within **sixty (60) days** after the date of service of the Rule 45 subpoena on Comcast, Comcast shall have **ten (10) days** to disclose the information responsive to the subpoena to Plaintiff. If a subscriber(s) or Comcast files a motion to quash or modify the subpoena, or a request to litigate anonymously, Comcast may not turn over any information to Plaintiff until the issues have been adjudicated. Comcast shall preserve any subpoenaed information throughout the pendency of this action.

5. If obtained from Comcast, Plaintiff only may use the subscriber's name and address for the purposes of this litigation. Plaintiff is ordered not to disclose the subscriber's name or address, or any other identifying information other than the ISP number. Plaintiff shall not publicly file any of the subscriber's identifying information and shall file all documents containing the subscriber's identifying information under seal until passage of time for the subscriber to seek an order permitting him/her to proceed under a pseudonym.

**SO ORDERED.**

Hartford, Connecticut
July 17, 2024

/s/Vernon D. Oliver
VERNON D. OLIVER
United States District Judge